NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JHONATAS AMORIM SILVA
FRANCO; GISLAINE FRANCO
VALADARES AMORIM; BENHOUR
FRANCO VALADARES
AMORIM; ARTHUR FRANCO
VALADARES AMORIM,

             Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

             Respondent.

No. 23-4014

Agency Nos.
A220-251-770
A220-251-771
A220-251-772
A220-251-773

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2024[**]
Las Vegas, Nevada

Before: BEA, CHRISTEN, and BENNETT, Circuit Judges.

    Petitioners Jhonatas Amorim Silva Franco and Gislaine Franco Valadares

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Amorim, and their two minor children, who are all natives and citizens of Brazil, petition for review of the Board of Immigration Appeals' (BIA) order dismissing their appeal from the Immigration Judge's (IJ) decision denying asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA issued its own decision, our review is limited to that decision "except where the IJ's opinion is expressly adopted." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Reviewing legal conclusions de novo and factual findings for substantial evidence, *id.*, we deny the petition.

1. To establish entitlement to asylum and withholding, "a petitioner must prove a causal nexus between one of her statutorily protected characteristics and either her past harm or her objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). "A persecutor that is exclusively motivated by something unrelated to a victim's protected characteristic is, tautologically, not motivated by the victim's protected characteristic." *Id.* at 1025.

Here, substantial evidence supports the BIA's conclusion that Jhonatas was

---

[1] Jhonatas is the lead petitioner; his spouse and children seek asylum as derivative beneficiaries, 8 U.S.C. § 1158(b)(3).

targeted only for financial reasons, and not because of any protected characteristic. *See id.* at 1019-20. The record shows that Silvio's actions toward Jhonatas were motivated solely by his desire to be repaid. Silvio began his threats after Jhonatas informed Silvio that he could not repay his debts. Moreover, Jhonatas expressly confirmed that "the only reason that [he] had any problem with [Silvio]" was because he "hadn't repaid him," and acknowledged that he did not "know of any other reason why Silvio threatened to harm [him] other than [his] failure to repay the loan."

2. To the extent Jhonatas seeks humanitarian asylum, such relief is only available where an alien has established that he is a refugee on the basis of past persecution. 8 C.F.R. § 1208.13(b)(1)(iii); *Najmabadi v. Holder*, 597 F.3d 983, 992 n.2 (9th Cir. 2010); *Matter of L-S-*, 25 I. & N. Dec. 705, 710 (BIA 2012). Because Jhonatas has not established past persecution on account of a protected characteristic, the BIA properly concluded that he is ineligible for humanitarian asylum.

3. To establish eligibility for CAT relief, an applicant must show "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Substantial evidence supports the BIA's conclusion that Jhonatas would not likely suffer torture in Brazil. Jhonatas conceded that he and his family had never been physically harmed in Brazil and

Jhonatas identifies no evidence that compels the conclusion that he would likely be tortured.

**PETITION DENIED.**